TEXTILE WORKERS UNION OF AMER-ICA, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 71–1469.

United States Court of Appeals, District of Columbia Circuit.

Argued March 8, 1972.

Decided Feb. 1, 1973.

611

**974**

Alan S. Gordon, New York City, with whom Patricia E. Eames, New York City, was on the brief, for petitioner.

William R. Stewart, Atty., N.L.R.B., of the bar of the Supreme Court of Indiana, pro hac vice, by special leave of court, with whom Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., was on the brief, for respondent. Corinna Metcalf, Atty., N.L.R.B., also entered an appearance for respondent.

Before BAZELON, Chief Judge, and TAMM and ROBINSON, Circuit Judges.

PER CURIAM:

■ We are called upon to review the twelfth in a series of orders of the National Labor Relations Board,[1] issued in what by now seems a quixotic attempt to convince J. P. Stevens and Company to respect the rights conferred on its employees by section 7 of the National Labor Relations Act, 29 U.S.C. § 151 et seq. (1970). Apparently believing that the Board should try harder—rather than more often—the Textile Workers Union of America has petitioned for review of the Board's refusal to order more stringent remedies.[2] Because we find the Board's stated reasons for refusing the requested relief inadequate, we remand the case for further consideration.

Following the customary charge, complaint, and hearing, the Trial Examiner below issued an opinion finding that J. P. Stevens, a textile manufacturing concern with numerous plants located in several states, had committed violations of sections 8(a)(1) and (3) by discriminatorily reducing the overtime work afforded one employee at its Statesboro, Georgia, plant, and violations of sections 8(a)(1), (3), and (4) by discriminatorily refusing to grant a wage increase and promotion to another employee at the same plant. The Trial Examiner's recommended order would have required the company to cease and desist, to take affirmative action to make whole the two employees who suffered the unfair labor practices, and to post penitent notices at its Statesboro plant for a period of 60 days.

The Union filed exceptions requesting further affirmative relief, and those exceptions were considered by a three-member panel acting for the Board. Their opinion purported to adopt the "findings, conclusions, and recommendations of the Trial Examiner," with one "correction," but actually culminated in

---

1. J. P. Stevens & So., Inc., 186 NLRB No. 34; Black Hawk Corp., 183 NLRB No. 34; J. P. Stevens & Co., Inc., 183 NLRB No. 5, enforced, 461 F.2d 490 (4th Cir. 1972); J. P. Stevens & Co., Inc., 181 NLRB No. 97, enforced in part and denied in part, 449 F.2d 595 (4th Cir. 1971); J. P. Stevens & Co., Inc., 179 NLRB No. 47, enforced, 441 F.2d 514 (5th Cir. 1971); Black Hawk Corp., 177 NLRB No. 120, enforced in part and denied in part, 431 F.2d 900 (4th Cir. 1970); J. P. Stevens & Co., Inc., 171 NLRB No. 163, enforced, 417 F.2d 533 (5th Cir. 1969); J. P. Stevens & Co., Inc., 167 NLRB No. 38, enforced with modifications, 406 F.2d 1017 (4th Cir. 1968); J. P. Stevens & Co., Inc., 167 NLRB No. 37, enforced with modifications, 406 F.2d 1017 (4th Cir. 1968); J.

P. Stevens & Co., Inc., 163 NLRB No. 217, enforced, 388 F.2d 896 (2d Cir. 1967); J. P. Stevens & Co., Inc., 157 NLRB 869, enforced with modifications, 380 F.2d 292 (2d Cir. 1967) (hereinafter designated as *Stevens I* through *Stevens XI*).

2. The Union is, of course, a "party aggrieved" within the meaning of § 10(f), 29 U.S.C. § 160(f) (1970). *See* American Federation of Labor v. N. L. R. B., 103 F.2d 933 (D.C.Cir. 1939).

The Board has not cross-petitioned for enforcement, and J. P. Stevens is not a party to this suit. Although this casts a shadow over the Union's request that we enter and enforce our own order in this case, our remand disposes of any need to elaborate on this point.

an order considerably more favorable to the Union than that recommended by the Examiner.[3] The panel based this expansion squarely on the company's unfair labor practice history:

Upon review of all the relevant factors herein, including Respondent's companywide history of extensive unfair labor practices as reflected by our Decisions in [*Stevens I* through *XI*], we are persuaded that "the conventional remedies would not be adequate to disabuse the employees of the effects of Respondent's flagrant conduct" in the instant case.[4]

But the Board refused the four Union requests that had the greatest potential. Those requests, and the Board's reasons for denying them, are best presented by quoting the Board's opinion:

█ Inasmuch as there has been no evidence or finding *in the instant matter* that Respondent committed independent violations of Section 8(a)(1), we decline to adopt the Charging Party's requested Notice to Employees.

█ *For reasons stated in Stevens (VIII),* we also deny the Charging Party's request to extend the scope of the Order herein so as to include all of Respondent's plants in North Carolina, South Carolina, and Georgia.

█ Likewise, we deny the Charging Party's request for a list of the job classifications, wage rates, and length of tenure of Respondent's employees because, unlike a list of employees' names and addresses, such a list will not tend to facilitate the Union's communications *with these employees.*

█ Moreover, because *this case* does not involve a refusal to bargain by Respondent, and in light of our policy announced in Ex-Cell-O Corporation, 185 NLRB No. 20, reversed and remanded on this point, 449 F.2d 1046 (C.A.D.C., 1971), we reject the Charging Party's request that Respondent make whole all of its employees for those contractual benefits which speculatively might have accrued to them had Respondent not committed unfair labor practices and had a collective-bargaining agreement been concluded.[5]

As is apparent from the italicized language in this statement of reasons, the Board justified its refusal solely by pointing out what was not involved in this particular case. The apparent reliance on the reasoning of *J. P. Stevens VIII,* as a ground for refusing multistate relief, does not alter this fact. In *Stevens VIII,*[6] the Board refused multistate relief on the basis of a footnote, which stated:

We do not think that *the circumstances of this case* justify an extension of the Order beyond the plants located in the Roanoke Rapids area as recommended by the trial examiner.[7]

█ Under section 10(c) of the National Labor Relations Act, upon finding that an unfair labor practice has been committed, the Board must issue an order "requiring such person to cease

3. 190 NLRB No. 139 (1971). The order was explicitly limited to J. P. Stevens' Statesboro plant, but did provide four new remedies: Union access to bulletin boards for one year; a list of the names and addresses of all employees, to be updated for one year; a revised notice to be read to the employees on company time; and the mailing of that notice to the homes of all employees.

4. *Id.* at n. 3. The Board concluded that it should enter an order conforming to that in *Stevens V,* J. P. Stevens & Co., Inc., 171 NLRB No. 163, enforced, 417 F.2d 533 (5th Cir. 1969). Aside from the

defects in the Board's reasoning that are discussed in the text, this determination raises an additional problem. It is not clear that an order issued in *Stevens V* is "adequate"— to use the Board's word—in *Stevens XII.* On remand, the Board should undertake to explain this problem as well.

5. 190 NLRB No. 139, at n.3 (emphasis and bracketing added).

6. 181 NLRB No. 97 (1970), enforced in part and denied in part, 449 F.2d 595 (4th Cir. 1971).

7. *Id.* at n.1 (emphasis added).

and desist from such unfair labor practice, and to take such affirmative action . . . as will effectuate the policies of this subchapter." [8] The Board's power under this section is a "broad discretionary one, subject to limited judicial review," Fibreboard Paper Products Corp. v. N.L.R.B., 379 U.S. 203, 216, 85 S.Ct. 398, 406, 13 L.Ed.2d 233 (1964).

██ But that discretion is ·founded on the fact that the Board derives from its experience advantages in determining how best to relate "remedy to policy." Phelps Dodge Corp. v. N.L.R.B., 313 U.S. 177, 194, 61 S.Ct. 845, 85 L. Ed. 1271 (1941). It does not extend further and exempt the Board from the requirement that it support its actions with adequate reasons.[9] In this case, the Board has allowed itself to lapse into a tempting, and easier, way of disposing of its workload. By choosing to ignore J. P. Stevens' history when considering the Union's objections, it has provided itself with two versions of the relevant facts: one to use in rebutting the Union's claims and the other to use in supporting its order.

██ The package of remedies chosen by the Board in this case may be entirely appropriate, or at least within the rather wide limits of its discretion. There is no question that the Board has the power to take J. P. Stevens' history of recalcitrance into account in designing its order. Indeed, it has an obligation to do so. See N.L.R.B. v. J. H. Rutter-Rex Mfg. Co., 396 U.S. 258, 90 S.Ct. 417, 24 L.Ed.2d 405 (1969); International Union of Electrical Workers v. N.L.R.B., 426 F.2d 1243 (1970).[10]

██ But the Board's reasons for its choice of remedies in this case are at least incomplete, and potentially inconsistent. This is no minor problem. It forces us to choose between a de novo selection of an appropriate set of remedies and an uncritical acceptance of the Board's choice. Neither of these approaches would comport with the command of the National Labor Relations Act. Although the courts will not lightly interfere with Board orders, the Board is under a complementary obligation to set forth in rational fashion the relationship between the case and the remedy it orders.

██ The Board failed to explain why J. P. Stevens' history of unfair labor practices does not warrant the broader relief that the Union has requested. It chose instead to explain a case that was not before it: one in which a history of many years of obstinance was lacking. Accordingly, the petition for review is granted, and the case is remanded to the Board for further proceedings not inconsistent with this opinion.

TAMM, Circuit Judge, dissenting:

I would affirm the action of the Board in this case. It is my view that the Board has acted completely within its legal authority and power under § 10(c) of the National Labor Relations Act, under which section the Board's power is a "broad discretionary one, subject to limited judicial review." Fibreboard Paper Products Corp. v. NLRB, 379 U.S. 203, 216, 85 S.Ct. 398, 406, 13 L.Ed. 2d 233 (1964).

---

8. 29 U.S.C. § 160(c) (1970).

9. See International Union of Electrical Workers v. N. L. R. B., 426 F.2d 1243, 1249 (D.C.Cir. 1970) ; SEC v. Chenery

Corp., 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

10. See J. P. Stevens & Co., Inc., v. N. L. R. B., 441 F.2d 514 (5th Cir. 1971).